CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
JEAN C. KOSELA, CA Bar No. 252753
jean.kosela@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendant
IKEA US RETAIL LLC (erroneously sued as
IKEA NORTH AMERICA SERVICES, LLC
dba IKEA US RETAIL LLC)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| EARY CANNON,<br><br>            Plaintiff,<br><br>    v.<br><br>IKEA NORTH AMERICA SERVICES, LLC<br>dba IKEA US RETAIL LLC,<br><br>            Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed:  January 14, 2020<br>Trial Date:      None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF EARY CANNON AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant IKEA US RETAIL LLC (erroneously sued as "IKEA NORTH AMERICA SERVICES, LLC dba IKEA US RETAIL LLC") ("Defendant") hereby removes the above-captioned action filed by Plaintiff Eary Cannon ("Plaintiff") from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that there is complete diversity of citizenship between Plaintiff, a citizen of the state of California, and Defendant, a citizen of the states of Pennsylvania and Delaware; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. § 1332(a); and that the foregoing facts were true at the time that the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below on the following grounds:

**I.**    **THE STATE COURT ACTION**

1.    This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441.  This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, insofar as Plaintiff is a citizen of the state of California; and Defendant is a citizen of the states of Pennsylvania and Delaware.

2.    On January 24, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Santa Clara, Case Number 20CV361911, entitled *Eary Cannon v. IKEA North America Services, LLC dba IKEA US Retail LLC, and Does 1 through 50.*  The Complaint asserts six (6) causes of action, alleging: failure to provide reasonable accommodation, failure to engage in the interactive process, retaliation based on request for accommodation, and failure to prevent discrimination and retaliation in violation of California Fair Employment and Housing Act ("FEHA"); wrongful termination in violation of public policy; and violation of Business and Professions Code §§ 17200, *et. seq.*

3.      Plaintiff served Defendant on January 24, 2020, with a copy of the Summons, Complaint, and case management and ADR documents.  True and correct copies of the documents served on Defendant and any other documents filed in the Santa Clara County Superior Court are attached as **Exhibit A**.  A true and correct copy of the Notice of Filing of Removal to be filed in the Santa Clara County Superior Court hereafter is attached as **Exhibit B**.  Exhibits A and B comprise all of the pleadings and papers known by Defendant to be on file or to be filed hereafter in the Superior Court.

## II.      REMOVAL IS TIMELY

4.      A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.")

5.      Here, the Summons and Complaint (and accompanying case management and ADR documents), are the only pleadings served by Plaintiff in this matter.  Defendant was served with these pleadings by personal service on January 24, 2020.  Defendant filed this notice within 30 days after service and less than one year after commencement of this action.  Thus, removal is timely and proper pursuant to 28 U.S.C. § 1446(b), (c) and Rule 6 of the Federal Rules of Civil Procedure.

## III.      A PROPER BASIS EXISTS FOR REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

6.      This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441.  This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.      **Plaintiff is a Citizen of California.**  For diversity purposes, a person is a "citizen"

1    of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088,

2    1090 (9th Cir. 1983).  A person's domicile is the place he resides with the intention to remain or to

3    which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001);

4    *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie*

5    evidence of domicile).

6        8.    Defendant is informed and believes that Plaintiff is a citizen of the State of

7    California.  This belief is based on the allegation in Plaintiff's Complaint that he is a resident of

8    California.  (Complaint ¶ 4.)

9        9.    **Defendant is a Citizen of Pennsylvania and Delaware.**  Plaintiff erroneously sued

10   "IKEA North America Services, LLC dba IKEA US Retail LLC."   IKEA North America Services,

11   LLC and IKEA US Retail LLC are two separate corporate entities.  (Declaration of John Robinson

12   ("Robinson Decl."), ¶ 5.)  IKEA US RETAIL LLC employed Plaintiff.  (Robinson Decl., ¶ 12.)

13   For purposes of demonstrating diversity jurisdiction, and in an abundance of caution and based on

14   the way that Plaintiff named the party, Defendant addresses the citizenship of both entities.

15      10.   IKEA North America Services, LLC and IKEA US RETAIL LLC are limited

16   liability companies formed under the laws of the State of Virginia.  (Robinson Decl., ¶¶ 6 and 8.)

17   The sole member of IKEA North America Services, LLC is IKEA US RETAIL LLC.  (Robinson

18   Decl., ¶ 7.)   The sole member of IKEA US RETAIL LLC is IKEA Property, Inc., which is

19   organized in the State of Delaware, and which has its corporate and administrative offices and its

20   principal place of business in Conshohocken, Pennsylvania.  (Robinson Decl., ¶ 9.)  IKEA North

21   America Services, LLC, IKEA US RETAIL LLC, and IKEA Property, Inc. perform the vast

22   majority of their executive and administrative functions at their corporate headquarters in

23   Conshohocken, Pennsylvania, where their high-level management personnel and officers are

24   located, and from where they direct, control and coordinate activities including, without limitation:

25   (1) matters relating to the financing of their respective operations; (2) advertising and marketing of

26   services; (3) directing general business strategy and operation; and (4) compliance with laws and

27   legal services associated with such matters.  (Robinson Decl., ¶ 11.)  The books and records

28   relating to these, and other matters are directed, controlled, and coordinated from the headquarters

offices in Conshohocken, Pennsylvania.  (Robinson Decl., ¶ 11.)

11.    A limited liability company (LLC) is a form of business that resembles both partnerships and corporations.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).   "Notwithstanding LLC's corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purpose of diversity jurisdiction." *Id.* (citations omitted).  The Ninth Circuit follows the general rule that "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*  Thus, IKEA North America Services, LLC and IKEA US RETAIL LLC are each citizens of Pennsylvania (where IKEA Property, Inc. has its principal place of business) and Delaware (where IKEA Property, Inc. is incorporated).  28 U.S.C. § 1332(c).

12.    Neither IKEA North America Services, LLC, nor IKEA US RETAIL LLC, nor their respective members, are California limited liability companies, California corporations, or headquartered in California.  (Robinson Decl., ¶ 10.)  Accordingly, neither IKEA North America Services, LLC nor IKEA US RETAIL LLC is a citizen of the State of California.

13.    **The Citizenship of "Doe Defendants" Must Be Disregarded.**  The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).   As such, complete diversity of citizenship exists in this matter.

14.    **The Amount in Controversy Exceeds the Sum of $75,000.**  Defendant only needs to establish by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional minimum.[1]  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).   In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980-81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

---

[1] By estimating the amount that Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, that he is entitled to damages in any particular amount or at all.  Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

15.     Based on Plaintiff's allegations in the Complaint, the amount in controversy in the instant case is more likely than not to exceed the sum of $75,000, as set forth more specifically below:

a.     <u>Lost Wages.</u>  Plaintiff seeks damages for "substantial losses in earnings, bonuses, deferred compensation and other employment benefits." (Complaint ¶¶ 23, 28, 33, 37, 41 and 49.)   Plaintiff alleges that Defendant terminated his employment on February 28, 2018. (Complaint ¶ 22.)   Plaintiff initiated this action on January 24, 2020, and served Defendant on January 24, 2020.  Based on data from "Comparison of Districts Within the Ninth Circuit – 12-Month Period Ending September 30, 2018," accessible from the United States District Courts' official website, the median time from filing to trial in a civil matter pending in this court is 30 months.[2]  Calculating 30 months from the filing of this Complaint on January 24, 2020, a trial date would be in approximately July 2022.  The elapsed time between Plaintiff's alleged termination of employment on or about February 28, 2018 and a trial date in July 2022 is approximately 52 months.  At the time of his termination from his employment with IKEA US RETAIL LLC on or about February 14, 2018, Plaintiff's rate of pay was $22.27/hour.   (Robinson Decl., ¶ 12.) Although he was generally authorized to work between 20 and 34 hours per workweek during much of his employment (e.g., from 2010 to 2016), as of August 2017, he was authorized to work up to 24 hours per workweek.  (Robinson Decl., ¶ 13.)  Multiplying his regular wages of $2,137.92 per month (based on 24 hours per week at $22.27 per hour), Plaintiff's alleged economic damages for lost wages at the time of trial would be $111,171.84.  This amount alone is sufficient to meet

---

[2] The URL for the webpage at which the caseload data has been published is https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-september-2018

1   the jurisdictional minimum.

2          b.   Emotional Distress.   Plaintiff seeks emotional distress damages.   (Complaint

3   ¶¶ 23, 28, 33, 37, 41 and 49.)   While Plaintiff does not state a specific amount of damages for

4   emotional distress, "the vagueness of [P]laintiff's pleadings with regard to emotional distress

5   damages should not preclude the court from noting these damages are potentially substantial."

6   *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make

7   explicit demands did not prevent satisfaction of amount in controversy).   Emotional distress

8   damages can be substantial, and Plaintiff put at issue an amount exceeding $75,000.   *See Trulsson*

9   *v. County of San Joaquin District Attorney's Office*, 2014 WL 5472902 (E.D. Cal. 2014) (jury

10  verdict in case involving claims for retaliation in violation of Title VII and the FEHA included

11  $1,546,326 award for pain and suffering; and *Campbell v. Nat'l Passenger Railroad Corp.*, 2009

12  WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a

13  retaliation/wrongful termination case).

14          c.   Punitive Damages.   Plaintiff also seeks punitive damages.   (Complaint ¶¶ 24,

15  29, 34, 38, 42 and 49.)   For the purposes of removal, the amount in controversy may include

16  punitive damages.   *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253-54 (5th Cir.

17  1998); *Anthony v. Security Pac. Fin. Serv., Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v.*

18  *Blankinship,* 20 F.3d 383, 386-87 (10th Cir. 1994); *see also Simmons v. PCR Tech.*, 209 F. Supp.2d

19  1029, 1031-35 (N.D. Cal. 2002) (finding that the damages alleged in plaintiff's complaint at the

20  time of removal, which included past lost wages totaling $25,600, and unspecified amounts for

21  future lost wages, medical expenses, emotional distress, punitive damages, and attorneys' fees,

22  satisfied the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA,*

23  *Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of

24  compensatory and punitive damages," including emotional distress damages, attorney's fees and

25  punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity

26  jurisdiction).   Punitive damages may be substantial and in some cases even exceed the amount in

27  controversy.   *Lang v. Healthco Int'l Corp.*, 1986 WL 795038 (Fresno County, Cal. Superior Court

28  1986) (awarding $175,000 in punitive damages on a wrongful termination claim); *Chopourian v.*

*Catholic Healthcare West*, 2012 WL 1551728 (E.D. Cal. 2012) (entering judgment following jury verdict, discussed at 2012 WL 767196; awarding $56,250,000 in punitive damages for employment-related claims, including wrongful termination and retaliation).

        d.    <u>Attorney's Fees.</u>  Plaintiff also claims he is entitled to attorney's fees. (Complaint ¶¶ 24, 29, 34, 38, 42 and 49.)  The Court may consider all attorney's fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case.  *See Stokes v. Reeves*, 245 F.2d 700, 702 (9th Cir. 1957) (the amount claimed for attorney's fees pursuant to a statute allowing attorney's fees may be taken into account in determining whether the jurisdictional amount is involved); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 n.4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys fees likely to be incurred cannot be estimated at the time of removal"); *Simmons*, 209 F.Supp.2d at 1034-35 (stating that "the measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred" and noting that "attorney's fees cannot be precisely calculated" but making projection of likely fees based on the court's "twenty-plus years' experience" overseeing similar cases).

        An accepted method for determining attorney's fees is to award the plaintiff's attorney 25% of the individual recovery.  Indeed, the Ninth Circuit has set 25% of recovery as the "benchmark" for recovery of attorneys' fees.  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) (using a benchmark of 25 percent of the plaintiffs' recovery in class actions for the presumptive amount of attorneys' fees); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) (holding that attorneys' fees should be calculated at 25% of plaintiffs' recovery).  In this case, if 25% of recovery is used as the presumptively reasonable amount for attorney's fees, the benchmark attorney's fee award for Plaintiff would equal approximately $27,792.96, if based upon his claim for lost wages (which, as stated above, would amount to approximately $111,171.84 total).  Plaintiff's alleged claim for damages related to lost wages, combined with a reasonable estimate of Plaintiff's attorney's fees over the life of this case, easily surpasses the $75,000 jurisdictional limit.

## IV.    SATISFACTION OF PROCEDURAL REQUIREMENTS

16.    As required by 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of Santa Clara is located within the Northern District of California.  Therefore, venue is proper in this Court, pursuant to 28 U.S.C. § 84, because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

17.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by the following Exhibits A and B, which contain copies of all process, pleadings, and orders served upon Plaintiff, Defendant, or the Court.

18.    As required by 28 U.S.C. § 1446(b), the original Notice of Removal was filed within 30 days after Defendant was served with a copy of the Complaint.

19.    As required by 28 U.S.C. § 1446(d), Defendant provided notice of this removal to Plaintiff through his counsel of record.

20.    As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California for the County of Santa Clara.

WHEREFORE, Defendant IKEA US RETAIL LLC (erroneously sued as "IKEA North America Services, LLC dba IKEA US Retail LLC") requests that the above action now pending in the Superior Court of California, County of Santa Clara, be removed therefrom to this Court.  In the event the Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to supplement a more detailed brief outlining the basis for this removal.

DATED:  February 21, 2020                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.



By:  /s/ *Cara F. Barrick*
       CARA F. BARRICK
       JEAN C. KOSELA
       Attorneys for Defendant
       IKEA US RETAIL LLC (erroneously sued as
       IKEA NORTH AMERICA SERVICES, LLC
       dba IKEA US RETAIL LLC)

EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>IKEA NORTH AMERICA SERVICES, LLC dba IKEA US RETAIL<br>LLC and Does 1-50, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>EARY CANNON | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>1/14/2020 4:29 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>20CV361911<br>Reviewed By: Yuet Lai<br>Envelope: 3888139 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>1905 Homestead Rd, Santa Clara, CA 95050 | **CASE NUMBER:**<br>*(Número del Caso):* 20CV361911 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robin G. Workman    (Bar # 145810)            Fax No.: (415) 788-1028
Workman Law Firm, PC                           Phone No.: (415) 782-3660
177 Post Street, Suite 800, San Francisco, CA 94108

**DATE:**
*(Fecha)* 1/14/2020 4:29 PM    Clerk of Court    Clerk, by    Yuet Lai    , Deputy
                                               *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   Ikea North America Services Ll[c]
3. ☒ on behalf of *(specify):* dba Ikea US Retail Llc
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Limited Liability Company
4. ☒ by personal delivery on *(date):* 1/24/20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

E-FILED
1/14/2020 4:29 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV361911
Reviewed By: Yuet Lai

WORKMAN LAW FIRM, PC
Robin G. Workman (Bar #145810)
robin@workmanlawpc.com
Rachel E. Davey (Bar #316096)
rachel@workmanlawpc.com
177 Post Street, Suite 800
San Francisco, CA 94108
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

*Attorneys for Plaintiff, Eary Cannon*

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| EARY CANNON,<br><br>Plaintiff,<br><br>vs.<br><br>IKEA NORTH AMERICA SERVICES, LLC dba IKEA US RETAIL LLC and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 20CV361911<br><br>**INDIVIDUAL DISCRIMINATION COMPLAINT**<br><br>Unlimited Civil Case<br>The Amount Demanded Exceeds $25,000 |

COMPLAINT                                    -1-                          3298\PLEADINGS\COMPLAINT\.DOC

1   Plaintiff Eary Cannon ("Plaintiff"), by his attorneys, brings this action on behalf of

2  himself, and hereby, alleges as follows:

3                                **SUMMARY OF CLAIMS**

4       1.      Plaintiff alleges that IKEA North America Services, LLC dba IKEA US Retail

5  LLC ("Defendant") engaged in unlawful conduct by its: (1) failure to make reasonable

6  accommodations, in violation of California Government Code section 12940, subdivision (m)(1);

7  (2) failure to engage in the interactive process, in violation of California Government Code section

8  12940, subdivision (n); (3) retaliation against Plaintiff on the basis of his disability and request for

9  reasonable accommodations, in violation of California Government Code section 12940,

10 subdivision (m)(2); (4) wrongful termination of Plaintiff on the basis of his physical disability

11 and/or his medical condition and/or his request for accommodations in violation of public policy,

12 in violation of Article I, section 8, of the California Constitution and California Government Code

13 section 12940, subdivision (m)(2); and, (5) failure to take steps to prevent discrimination and

14 retaliation from occurring in the workplace, in violation of California Government Code section

15 12940, subdivision (k).  These acts and failures to act further constitute unfair business practices in

16 violation of California Business and Professions Code section 17200, et. seq.

17                          **JURISDICTIONAL ALLEGATIONS**

18      2.      Defendant is, and at all relevant times was, a corporation doing business within the

19 State of California, and employed more than five (5) persons in California.  Defendant is therefore

20 an employer under California Government Code sections 12926, subdivision (d) and 12940,

21 subdivision (j)(4)(A), which respectively define an employer to include "any person regularly

22 employing five-or more persons . . . .," and "any person regularly employing one or more persons.

23 . . ."

24      3.      Defendant is, and at all relevant times was, a corporation doing business within

25 the State of California and is an employer under applicable Industrial Welfare Commission

26 Orders.

27      4.      The California Superior Court has jurisdiction in this matter because Plaintiff is a

28 resident of California, Defendant is qualified to do business in California, and Defendant

1  regularly conducts business in California.  Further, there is no federal question at issue, as the

2  claims herein are based solely on California law.

3     5.     The names and capacities of defendants sued herein under California Code of Civil

4  Procedure section 474 as Does 1 through 50, inclusive, are presently not known to Plaintiff, who

5  therefore sues these defendants by such fictitious names.  Plaintiff will seek to amend this

6  Complaint and include these Doe defendants' names and capacities when they are ascertained.

7  Each fictitiously named defendant is responsible in some manner for the conduct alleged herein

8  and for the injuries suffered by Plaintiff.

9     6.     At all times mentioned in the causes of action alleged herein, each and every

10  Defendant was an agent and/or employee of each and every other Defendant.  In doing the things

11  alleged in the causes of action stated herein, each and every Defendant was acting within the

12  course and scope of this agency or employment and was acting with the consent, permission and

13  authorization of each of the remaining Defendants.  All actions of each Defendant as alleged in the

14  causes of action stated herein were ratified and approved by every other Defendant or their

15  officers or managing agents.

16                    **GENERAL ALLEGATIONS**

17     7.     At all relevant times hereto, California Government Code section 12920 applied to

18  Defendant, as a California employer.  Section 12920 provides: "It is hereby declared as the public

19  policy of this state that it is necessary to protect and safeguard the right and opportunity of all

20  persons to . . . hold employment without discrimination or abridgment on account of . . . medical

21  condition [or] physical disability. . . ."  California Government Code section 12921, subdivision

22  (a) states that "[t]he opportunity to . . . hold employment without discrimination because of . . .

23  medical condition [or] physical disability . . . is hereby recognized as and declared to be a civil

24  right."

25     8.     Government Code section 12940, subdivision (a) provides that it "is an unlawful

26  employment practice" for an employer, "because of the . . . medical condition [or] physical

27  disability" of any person, "to discriminate against the person in compensation or in terms,

28  conditions, or privilege of employment."  Government Code section 12940, subdivision (j)(1) also

provides that it is an unlawful employment practice "for an employer . . . or any other person" because of a "medical condition" or "physical disability' to "harass an employee."

9. California Government Code section 12926, subdivision (i)(1), defines a medical condition as "any health impairment related to or associated with a diagnosis of cancer or a record or history of cancer."

10. California Government Code section 12926, subdivision (m)(1), states that a "physical disability" includes, but is not limited to, the following: "Having any physiological disease, disorder, . . . or condition that does both of the following: "[a]ffects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine" and "[l]imits a major life activity."

11. California Government Code section 12926, subdivision (m)(1)(B)(i) explains that the term "[l]imits" is viewed "without regarded to mitigating measures such as medications, assistive devices, prosthetics, or reasonable accommodations, unless the mitigating measure itself limits a major life activity." California Government Code section 12926, subdivision (m)(1)(B)(ii) explains that a condition "limits a major life activity if it makes the achievement of the major life activity difficult." California Government Code section 12926, subdivision (m)(1)(B)(iii) instructs that "major life activities" "shall be broadly construed and includes physical, mental, and social activities and working."

12. California Government Code section 12926, subdivision (m)(3) includes in the definition of a physical disability "[h]aving a record or history of a disease, disorder, condition cosmetic disfigurement, anatomical loss . . . which is known to the employer or other entity covered by this part." California Government Code section 12926, subdivision (m)(4) includes in the definition of a physical disability "[b]eing regarded or treated by the employer or other entity covered by this part as having, or having had, any physical condition that makes achievement of a major life activity difficult."

13. Section 12926, subdivision (n) explains that "[n]otwithstanding subdivisions (j) and (m), if the definition of "disability" used in the federal Americans with Disabilities Act of 1990

1  would result in broader protection of the civil rights of individuals with a . . . physical disability,

2  as defined in subdivision . . . (m), or would include any medical condition not included within

3  those definitions, then that broader protection or coverage shall be deemed incorporated by

4  reference into, and shall prevail over conflicting provisions of, the definition . . , in subdivision

5  (m)."

6       14.    Plaintiff is a former employee of Defendant, where he held the position of Home

7  Delivery Customer Service Specialist. Plaintiff worked for Defendant for approximately 14 years

8  prior to his termination. During Plaintiff's time working for Defendant, Plaintiff was prompted

9  from his original role as Full-Service Handout to Home Delivery Customer Service Specialist and

10  consistently received favorable reviews for his excellent customer service skills and attention to

11  detail.

12       15.    In September 2017, doctors informed Plaintiff that he had colon cancer. Upon

13  learning of the diagnosis, Plaintiff alerted Defendant and requested a medical leave of absence.

14  Plaintiff followed Defendant's instruction on how to request a medical leave of absence and

15  Defendant granted the medical leave of absence. Plaintiff's medical leave began on October 1,

16  2017 with a return date of December 31, 2017. However, due to the nature and severity of the

17  cancer, Plaintiff's doctor twice extended Plaintiff's medical leave from December 31, 2017 to

18  February 2018 and then from February 2018 to June 2018.

19       16.    Prior to each extension, Plaintiff communicated with and provided all required

20  documentation to Defendant. On March 2, 2018, Plaintiff traveled to his doctor for a scheduled

21  medical appointment. Upon arriving, the medical administrative staff informed Plaintiff that

22  Defendant canceled his health insurance. Shortly thereafter, Plaintiff contacted Defendant to

23  investigate the reason why Defendant cancelled his health insurance. Plaintiff was shocked when

24  a representative for Defendant informed him that Defendant terminated Plaintiff's employment on

25  February 28, 2018. As a result of Plaintiff's termination, Plaintiff was unable to receive the

26  critical medical care he needed for over a month. Based on these facts, Plaintiff alleges that

27  Defendant: failed to make reasonable accommodations for Plaintiff, in violation of California

28  Government Code section 12940, subdivision (m)(1); failed to engage in the interactive process

COMPLAINT                -5-              3298\PLEADINGS\COMPLAINT\.DOC

1 | with Plaintiff, in violation of California Labor Code section 12940, subdivision (n); retaliated

2 | against Plaintiff because of his request for reasonable accommodation, in violation of California

3 | Government Code section 12940, subdivision (m)(2); wrongfully terminated Plaintiff because of

4 | his physical disability and/or medical condition and/or his request for accommodation in violation

5 | of public policy, in violation of Article 1, section 8, of the California Constitution and California

6 | Government Code section 12940, subdivision (m)(2); and failed to take steps to prevent

7 | discrimination from occurring in the workplace, in violation of California Government Code

8 | section 12940, subdivision (k).

9 |       17.     Plaintiff filed a timely charge of discrimination and wrongful termination with the

10 | Department of Fair Employment and Housing ("DFEH"), on or about February 7, 2019, and

11 | received a timely notice of the right to sue in California Superior Court pursuant to California

12 | Government Code section 12965, subdivision (b), on or about February 7, 2019, permitting

13 | Plaintiff to bring this action. Therefore, Plaintiff exhausted all of his administrative remedies.

14 |       18.     Given the violations of the aforementioned California Government Code sections

15 | and California Public Policy, Defendant is therefore liable for unfair business practices, in

16 | violation of California Business & Professions Code section 17200, et. seq. .

17 | **FIRST CAUSE OF ACTION**

18 | **(Failure To Make Reasonable Accommodations:**
**Cal. Gov. Code § 12940(m)(1))**

19 |       19.     Plaintiff incorporates by reference the allegations contained in the foregoing

20 | paragraphs of this Complaint as if fully set forth herein.

21 |       20.     At all times material hereto, Plaintiff suffered from a physical disability and/or

22 | medical condition, namely colon cancer, within the meaning of California Government Code

23 | section 12926, subdivisions (m) and (i). At all times material hereto, Plaintiff could perform his

24 | essential job functions with his physical disability and/or medical condition.

25 |       21.     During his employment, Plaintiff alerted Defendants of his physical disability

26 | and/or medical condition. Plaintiff informed Defendant of his colon cancer diagnosis and that he

27 | would need a medical leave of absence in order to receive treatment. Plaintiff provided

28 | Defendant with all appropriate paperwork required for the medical leave of absence.

COMPLAINT                              -6-.                    3298\PLEADINGS\COMPLAINT\.DOC

22.    Plaintiff began his medical leave of absence on October 1, 2017. Without informing Plaintiff, on February 28, 2018, Defendant terminated Plaintiff. Defendant's action denied Plaintiff his reasonable accommodation. Defendant's action, therefore, violated California Government Code section 12940, subdivision (m)(1).

23.    As a proximate result of Defendant's discrimination, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, anger, humiliation, frustration and other highly unpleasant mental anguish, in addition to the physical pain derived from his physical disability and/or medical condition, all in an amount according to proof.

24.    Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of said Plaintiff's rights. In addition, Defendant abused their position of authority and ratified the discriminatory conduct of its employees. Plaintiff is thus entitled to recover punitive damages from Defendant, in an amount according to proof. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit as provided by California Government Code section 12965, subdivision (b).

## SECOND CAUSE OF ACTION

### (Failure To Engage In The Interactive Process: Cal. Gov. Code § 12940(n))

25.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

26.    During his employment, Plaintiff alerted Defendant of his physical disability and/or medical condition. Plaintiff informed Defendant of his colon cancer diagnosis and that he would need a medical leave of absence in order to receive treatment. Plaintiff provided Defendant with all appropriate paperwork required for the medical leave of absence. Due to the nature and severity of Plaintiff's cancer, Plaintiff requested that Defendant extend his medical leave of absence.

27.   On February 28, 2018, instead of engaging in the interactive process with Plaintiff, Defendant terminated Plaintiff. Plaintiff did not receive notice that Defendant was dissatisfied with Plaintiff's current reasonable accommodations or of Defendant's potential willingness to enter into the interactive process. Rather, when Plaintiff attended a doctor's appointment in March of 2018, he learned of Defendant's cancellation of his insurance and his termination. Defendant's action, therefore, violation California Government Code section 12940, subdivision (n).

28.   As a proximate result of Defendant's discrimination, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, anger, humiliation, frustration and other highly unpleasant mental anguish, in addition to the physical pain derived from his physical disability and/or medical condition, all in an amount according to proof.

29.   Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of said Plaintiff's rights. In addition, Defendant abused their position of authority and ratified the discriminatory conduct of its employees. Plaintiff is thus entitled to recover punitive damages from Defendant, in an amount according to proof. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit as provided by California Government Code section 12965, subdivision (b).

## THIRD CAUSE OF ACTION

### (Retaliation Based On Request For Accommodation:
### Cal. Gov. Code § 12940(m)(2))

30.   Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

31.   Plaintiff's medical leave began on October 1, 2017 with a return date of December 31, 2017. However, due to the nature and severity of the cancer, Plaintiff's doctor twice extended Plaintiff's medical leave from December 31, 2017 to February 2018 and then from February 2018

to June 2018. Prior to each extension, Plaintiff communicated with and provided all required documentation to Defendant.

32.     Defendant retaliated against Plaintiff on the basis of his requests for accommodation in violation of California Government Code section 12940, subdivision (m)(2) by engaging in a course of conduct intentionally designed to retaliate against Plaintiff on the basis of his request and need for accommodation. This conduct is reflected by Defendant's termination of Plaintiff while he was out on a medical leave of absence.

33.     As a proximate result of Defendant's retaliation, Plaintiff suffered and continues to suffer substantial losses in earnings, deferred compensation and other employment benefits, and has suffered and continues to suffer significant emotional distress, worry, embarrassment, anger, humiliation, frustration and other highly unpleasant mental anguish, in addition to the physical pain derived from his physical disability and/or medical condition, all in an amount according to proof.

34.     Defendant, in doing the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of Plaintiff's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of its employees. Plaintiff is thus entitled to recover punitive damages from Defendant, in an amount according to proof. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit as provided by California Government Code section 12965, subdivision (b).

## FOURTH CAUSE OF ACTION

**(Wrongful Termination In Violation of Public Policy:
Article 1, Section 8, CA Const. & Cal. Gov. Code § 12940(m)(2))**

35.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

36.     On February 28, 2018, Defendant terminated Plaintiff. Said discharge was unlawful and in violation of public policy, in violation of article I, section 8, of the California Constitution, and California Government Code section 12940(m)(2), because said discharge was on the basis of Plaintiff's physical disability and/or medical condition and/or in retaliation for

1  Plaintiff requesting a reasonable accommodation for his physical disability and/or medical
2  condition.

3      37.     As a proximate result of Defendant's discrimination, Plaintiff suffered and
4  continues to suffer substantial losses in earnings, bonuses, deferred compensation and other
5  employment benefits, and has suffered and continues to suffer embarrassment, anger,
6  humiliation, frustration and other highly unpleasant mental anguish, in addition to physical pain
7  derived from his physical disability and/or medical condition, all in an amount according to
8  proof.

9      38.     Defendant, in doing the acts and failing to do the acts as herein alleged, acted
10 maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and
11 in conscious disregard of Plaintiff's rights. In addition, Defendant abused their position of
12 authority and ratified the discriminatory conduct of its employees. Plaintiff is thus entitled to
13 recover punitive damages from Defendant, in an amount according to proof. As a result of
14 Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to an award of reasonable
15 attorneys' fees and costs of suit as provided by California Government Code section 12965,
16 subdivision (b).

### FIFTH CAUSE OF ACTION

**(Failure To Take Steps To Prevent Discrimination and Retaliation:**
**Cal. Gov. Code § 12940(k))**

19     39.     Plaintiff incorporates by reference the allegations contained in the foregoing
20 paragraphs as if fully set forth herein.

21     40.     During Plaintiff's employment, Defendant failed to provide reasonable
22 accommodations to Plaintiff, engage in the interactive process with Plaintiff, and retaliated
23 against Plaintiff on the basis of his physical disability and/or medical condition and/or his
24 requests for reasonable accommodations by ultimately firing Plaintiff on February 28, 2018.
25 By engaging in this conduct, Defendant failed to take all reasonable steps necessary to prevent
26 discrimination from occurring in the workplace, in violation of California Government Code
27 section 12940, subdivision (k).
28

41.    As a proximate result of Defendant's discrimination and retaliation, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, anger, humiliation, frustration and other highly unpleasant mental anguish, in addition to physical pain derived from his physical disability and/or medical condition, all in an amount according to proof.

42.    Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of Plaintiff's rights.  In addition, Defendant abused their position of authority and ratified the discriminatory conduct of its employees.  Plaintiff is thus entitled to recover punitive damages from Defendant, in an amount according to proof.  As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit as provided by California Government Code section 12965, subdivision (b).

## SIXTH CAUSE OF ACTION

**(Unlawful, Unfair And Fraudulent Business Practices:
Business & Professions Code § 17200, et seq.)**

43.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

44.    Business & Professions Code section 17200, et seq., prohibits acts of unfair competition, defined as an "unlawful, unfair, or fraudulent business act or practice."

45.    The policies, acts and practices heretofore described, including Defendant's failure to provide reasonable accommodations to Plaintiff, engage in the interactive process with Plaintiff, and retaliation against Plaintiff on the basis of his physical disability and/or medical condition and/or his requests for reasonable accommodations by ultimately firing Plaintiff on February 28, 2018, were and are unlawful business acts or practices because of Defendant's violation the California Government Code and other provisions of California common and/or statutory law.  Plaintiff reserves the right to allege additional statutory and common law violations by Defendant.

46. Further, the policies, acts or practices described herein were and are an unfair business acts or practices because any justifications for Defendant's illegal and wrongful conduct were and are vastly outweighed by the harm such conduct caused to Plaintiff and the members of the general public.

47. As a result of its unlawful and/or unfair and/or fraudulent acts, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff. Defendant should be made to provide restitution to Plaintiff for the wrongfully withheld wages pursuant to Business and Professions Code section 17203.

48. Accordingly, Plaintiff respectfully requests that the Court award judgment and relief in his favor, to provide restitution, and other types of equitable relief.

49. Plaintiff is therefore entitled to the relief requested below.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment and relief as follows:

1. Compensatory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial;

3. Punitive damages;

4. Reasonable attorneys' fees pursuant to the applicable California Labor Code sections;

5. Costs of this suit;

6. Pre- and post-judgment interest; and

7. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Date: January 14, 2020

WORKMAN LAW FIRM, PC

By:
Robin G. Workman
*Attorneys for Eary Cannon*

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: 20CV361911

Cannon v. IKEA

## PLEASE READ THIS ENTIRE FORM

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

| | |
|---|---|
| Your Case Management Judge is: Manoukian, Socrates P | Department: 20 |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) Date: 5/19/2020  Time: 3:00pm | in Department: 20 |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) Date: _____  Time: _____ | in Department: _____ |

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Robin G. Workman    (Bar # 145810)
Workman Law Firm, PC
177 Post Street, Suite 800
San Francisco, CA 94108
TELEPHONE NO.: (415) 782-3660    FAX NO.: (415) 788-1028
ATTORNEY FOR (Name): EARY CANNON, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 1905 Homestead Rd
MAILING ADDRESS: 1905 Homestead Rd
CITY AND ZIP CODE: Santa Clara 95050
BRANCH NAME:

CASE NAME:
Cannon v. IKEA NORTH AMERICA SERVICES, LLC dba IKEA US RETAIL LLC

**FOR COURT USE ONLY**

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/14/2020 4:29 PM
Reviewed By: Yuet Lai
Case #20CV361911
Envelope: 3888139**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20CV361911 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action (specify): SIX (6)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. You may use form CM-015.

Date: January 14, 2020

Robin G. Workman
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

LexisNexis® Automated California Judicial Council Forms

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
IKEA NORTH AMERICA SERVICES, LLC dba IKEA US RETAIL
LLC and Does 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EARY CANNON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>1905 Homestead Rd, Santa Clara, CA 95050 | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robin G. Workman    (Bar # 145810)
Workman Law Firm, PC
177 Post Street, Suite 800, San Francisco, CA 94108

Fax No.: (415) 788-1028
Phone No.: (415) 782-3660

| DATE:<br>*(Fecha)* | | Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court                 Santa Clara County DRPA Coordinator
ADR Administrator                                               408-792-2784
408-882-2530

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

20CV361911
Santa Clara – Civil

| Attorney or Party without Attorney:<br>WORKMAN LAW FIRM, PC<br>ROBIN G. WORKMAN (SBN 145810)<br>177 POST STREET SUITE 800<br>SAN FRANCISCO , CA 94108<br>　Telephone No: 415-782-3660<br><br>　Attorney For:　Plaintiff | *For Court Use Only*　System System<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 1/27/2020 11:12 AM<br>Reviewed By: System System<br>Case #20CV361911<br>Envelope: 3941367** |
|---|---|
| *Ref. No. or File No.:* | |

*Insert name of Court, and Judicial District and Branch Court:*
IN THE SUPERIOR COURT FOR THE COUNTY OF SANTA CLARA

*Plaintiff:*　EARY CANNON
*Defendant:*　IKEA NORTH AMERICA SERVICES, LLC dba IKEA US RETAIL LLC

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>20CV361911 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET

3. *a.* *Party served:*　　IKEA NORTH AMERICA SERVICES, LLC dba IKEA US RETAIL LLC
　 *b.* *Person served:*　DAISY MONTENEGRO, PROCESS SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR
　　　　　　　　　　　SERVICE OF PROCESS.

4. *Address where the party was served:*　818 WEST SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017

5. *I served the party:*

　a. **by personal service.**　I personally delivered the documents listed in item 2 to the party or person authorized to receive
　　　　　　　　　　　　service of process for the party (1) on *(date)*: Fri, Jan 24 2020 (2) at *(time)*: 02:55 PM

　(1)　[X]　(business)
　(2)　[ ]　(home)
　(3)　[ ]　(other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
　a.　[ ]　as an individual defendant.
　b.　[ ]　as the person sued under the fictitious name of *(specify)*:
　c.　[ ]　as occupant.
　d.　[X]　On behalf of *(specify)*:　IKEA NORTH AMERICA SERVICES, LLC dba IKEA US RETAIL LLC
　　　　　under the following Code of Civil Procedure section:
　　　　[ ]　416.10 (corporation)　　　　　　　　　　　[ ]　415.95 (business organization, form unknown)
　　　　[ ]　416.20 (defunct corporation)　　　　　　　[ ]　416.60 (minor)
　　　　[ ]　416.30 (joint stock company/association)　[ ]　416.70 (ward or conservatee)
　　　　[ ]　416.40 (association or partnership)　　　　[ ]　416.90 (authorized person)
　　　　[ ]　416.50 (public entity)　　　　　　　　　　　[ ]　415.46 (occupant)
　　　　[X]　other:　LLC



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*4222686*
*(7687386)*
Page 1 of 2

| Attorney or Party without Attorney:<br>WORKMAN LAW FIRM, PC<br>ROBIN G. WORKMAN (SBN 145810)<br>177 POST STREET SUITE 800<br>SAN FRANCISCO , CA 94108<br>  Telephone No:  415-782-3660<br><br>  Attorney For:   Plaintiff | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>IN THE SUPERIOR COURT FOR THE COUNTY OF SANTA CLARA | | |
| Plaintiff:  EARY CANNON<br>Defendant:   IKEA NORTH AMERICA SERVICES, LLC dba IKEA US RETAIL LLC | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>20CV361911 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

**7.   Person who served papers**
   a.  Name:              Douglas Forrest
   b.  Address:         **FIRST LEGAL**
                      1202 Howard Street
                      SAN FRANCISCO, CA 94103
   c.  Telephone number:   (415) 626-3111
   d.  **The fee** for service was:
   e.  I am:
      (1)  ☐   not a registered California process server.
      (2)  ☐   exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒   a registered California process server:
         (i)   ☐ owner   ☐ employee   ☒ independent contractor
         (ii)  Registration No:   5141, Los Angeles
         (iii)  County:   Los Angeles

**8.   *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

| 01/27/2020 | |
|---|---|
| *(Date)* | *Douglas Forrest* |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF<br>SERVICE<br>SUMMONS

WORKMAN LAW FIRM, PC
Robin G. Workman (Bar #145810)
robin@workmanlawpc.com
Rachel E. Davey (Bar #316096)
rachel@workmanlawpc.com
177 Post Street, Suite 800
San Francisco, CA 94108
Telephone:  (415) 782-3660
Facsimile:  (415) 788-1028

**Reviewed By: M Reynoso
on 1/31/2020 11:26 AM
Envelope: 3967704**

*Attorneys for Plaintiff, Eary Cannon*

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| Eary Cannon,<br><br>         Plaintiff,<br><br>      vs.<br><br>IKEA NORTH AMERICA SERVICES, LLC dba IKEA US RETAIL LLC and Does 1 through 50, inclusive,<br><br>         Defendants. | No. 20CV361911<br><br>**NOTICE OF POSTING JURY FEE DEPOSIT**<br><br><u>Unlimited Civil Case</u><br>The Amount Demanded Exceeds $25,000 |

TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that pursuant to California Rule of Court 631(b) Plaintiff hereby

posts jury fees in the above-captioned matter in the amount of $150.00.

Date: January 30, 2020                                          WORKMAN LAW FIRM, PC

                                             By: _____
                                                      Robin G. Workman
                                                      *Attorneys for Eary Cannon*

NOTICE OF POSTING JURY FEES            -1-            3298\PLEADINGS\JURYFEEDPOSIT

EXHIBIT B

CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
JEAN C. KOSELA, CA Bar No. 252753
jean.kosela@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendant
IKEA NORTH AMERICA SERVICES, LLC
dba IKEA US RETAIL LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| EARY CANNON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>IKEA NORTH AMERICA SERVICES, LLC dba IKEA US RETAIL LLC and DOES 1 through 50, inclusive,<br><br>　　　　　Defendant. | Case No. 20CV361911<br><br>**DEFENDANT IKEA US RETAIL LLC'S ANSWER TO PLAINTIFF EARY CANNON'S COMPLAINT**<br><br>Action Filed:　　January 14, 2020<br>Trial Date:　　　None Set |

Defendant IKEA US RETAIL LLC (erroneously sued as "IKEA North America Services, LLC dba IKEA US Retail LLC") ("Defendant") hereby answers the unverified Complaint of Plaintiff Eary Cannon ("Plaintiff") in the above-referenced matter, as follows:

<u>**GENERAL DENIAL**</u>

Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every purported allegation and cause of action contained in Plaintiff's Complaint, and further denies, generally and specifically, that Plaintiff is entitled to damages or to any other relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

**(Workers' Compensation Exclusivity)**

1.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff's exclusive remedy for any alleged damages is governed by the California Workers' Compensation Act.  Cal. Lab. Code, §§ 3200 *et seq*.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

**(Undue Hardship)**

2.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because, even if Defendant had denied Plaintiff a reasonable accommodation (which Defendant denies doing), the proposed accommodation did not have to be provided because the proposed accommodation would pose an undue hardship on Defendant.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

**(Health or Safety Risk)**

3.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because, even with reasonable accommodations, Plaintiff was unable to perform an essential job duty without endangering his health or safety or the health or safety of others.

/ / /

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

4.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statute of limitations including, but not limited to, sections 338, 340(a), and 343 of the California Code of Civil Procedure; sections 12960 and 12965 of the California Government Code; section 17208 of the California Business and Professions Code; and any other applicable statutes.

**FIFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

5.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the avoidable consequences doctrine, in that Defendant took reasonable steps to prevent and correct any alleged workplace discrimination and retaliation, Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided, and the reasonable use of Defendant's procedures would have prevented some or all of the alleged harm.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

6.     Plaintiff is barred, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excused, and/or discharged, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Same Decision)**

7.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because to the extent that Plaintiff can prove that any mixed motive discrimination or retaliation occurred (all of which Defendant denies), the same decision would have been made anyway for non-discriminatory or non-retaliatory reasons.

/ / /

/ / /

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

9.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff has or has had unclean hands with respect to the matters alleged in the Complaint, including without limitation, because he failed and refused to communicate with Defendant, failed and refused to communicate with the third-party administrator, and failed and refused to engage in the interactive process.

**TENTH AFFIRMATIVE DEFENSE**

**(Setoff, Offset, and/or Recoupment)**

10.      Defendant alleges that some or all of the purported causes of action in the Complaint are subject to setoff, offset, and/or recoupment.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Discriminatory, Non-Retaliatory Reasons)**

11.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant had legitimate, non-discriminatory, non-retaliatory reasons for its conduct toward Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

12.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff is estopped by his own acts, omissions, representations, and/or courses of conduct from asserting the causes of action upon which he seeks relief (including without limitation, because he failed and refused to communicate with Defendant, failed and refused to communicate with the third-party administrator, and failed and refused to engage in the interactive process).

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Privileged Conduct)**

13.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant was exercising its legal rights or protecting its economic interests, Defendant's conduct was lawful and consistent with community standards, and Defendant had a good faith belief that it had a legal right to engage in the conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

14.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of waiver.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

15.    The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(After Acquired Evidence)**

16.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of after acquired evidence.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Contractual Remedies)**

17.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust his contractual remedies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

18.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies.

/ / /

/ / /

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

### (Standing)

3

19.     The Complaint, and each purported cause of action alleged therein, is barred, in

4

whole or in part, because Plaintiff lacks standing to assert some or all of the claims asserted and/or

5

to seek some or all of the relief sought.

6

## RESERVATION OF ADDITIONAL DEFENSES

7

Defendant presently has insufficient knowledge or information on which to form a belief as

8

to whether it may have additional, as yet unstated, available defenses. Defendant reserves the right

9

to assert additional affirmative defenses in the event that discovery indicates that they would be

10

appropriate.

11

## PRAYER FOR RELIEF

12

WHEREFORE, Defendant prays for judgment as follows:

13

1.     That Plaintiff take nothing by way of the Complaint;

14

2.     That the Complaint be dismissed with prejudice;

15

3.     That the Court enter judgment for Defendant and against Plaintiff on all alleged

16

claims;

17

4.     That the Court award Defendant its attorneys' fees and costs of suit; and

18

5.     That the Court grant Defendant such other and further relief as the Court deems just

19

and proper.

20

21

DATED:  February 21, 2020

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

22

23

24

By: _Cara Barrick_____

25

CARA F. BARRICK
JEAN C. KOSELA

26

Attorneys for Defendant

27

IKEA US RETAIL LLC (erroneously sued as
"IKEA NORTH AMERICA SERVICES, LLC
dba IKEA US RETAIL LLC")

28

DEFENDANT IKEA'S ANSWER TO PLAINTIFF EARY CANNON'S COMPLAINT

**PROOF OF SERVICE**
*Eary Cannon vs. IKEA North America Services, LLC*
California Superior Court, County of Santa Clara
Case No. 20CV361911

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made.  My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

On February 21, 2020, I served the following document(s):

- **DEFENDANT IKEA US RETAIL LLC'S ANSWER TO PLAINTIFF EARY CANNON'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

Robin G. Workman                              Attorneys for Plaintiff
Rachel E. Davey
WORKMAN LAW FIRM, PC
177 Post Street, Suite 800
San Francisco, CA  94108
Tel:      415.782.3660
Fax:      415.788.1028
E-Mail:  robin@workmanlawpc.com
            rachel@workmanlawpc.com

☒      **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 21, 2020 at San Francisco, California.

Brandilynn Thomas